**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DISTRICT**

| | |
|---|---|
| **GLADYS MARSHALL** | **APPELLANT** |
| V. | **CASE NO. 1:04CV398** |
| **TRUSTEE JACOB . PONGETTI** | **APPELLEE** |

## ORDER

This cause comes before the Court on appeal from the United States Bankruptcy Court's order granting the Trustee's objection to the appellant's claimed exemptions. The appellant, Gladys Marshall, filed this appeal on December 29, 2004. Other than the Notice of Attorney Appearance by Samuel J. Duncan on behalf of the Trustee, there has been no activity in this case since it was filed. Nevertheless, the Court is of the opinion that the issues raised may be resolved without further input by the parties in light of the Fifth Circuit's recent holding in <u>In re: Waller</u>, 2005 WL 192365356 (5th Cir., August 11, 2005).

The appellant is Gladys Marshall, the debtor who filed the petition for bankruptcy underlying this appeal. The appellee is Jacob Pongetti, the U.S. Bankruptcy Trustee. During the course of her bankruptcy proceedings, Marshall filed an amended voluntary petition on October 21, 2002 in which she claimed an exemption in the amount of $16,00.00 for the settlement proceeds from a lawsuit to which she was a party.[1] The Trustee duly filed an objection to Marshall's claimed exemption on the grounds that settlement proceeds were not allowable as exempt under Miss. Code Ann. § 85-3-17,

---

[1] Specifically, Marshall received the net sum of $15,876.50 through a Confidential Settlement And Indemnity Agreement And Full And General Release, dated August 1, 2002. The lawsuit was filed against American Home Products. et al (Civil Action No. 2001-158-CU10) in the Jones County Circuit Court and sought damages for personal injuries caused by the drug Duract (bromfenac sodium capsules).

et seq., and U.S Bankruptcy Judge David Houston sustained the objection.

As both the Trustee and Judge Houston have noted, personal exemptions are governed by Miss. Code Ann. § 85-3-17, which provides that "[t]he proceeds of any judgment not exceeding Ten Thousand Dollars ($10,000.00) recovered by any person on account of personal injuries sustained, shall enure to the party or parties in whose favor such judgment may be rendered, free from all liabilities for the debts of the person injured." Miss. Code Ann. § 85-3-17. Judge Houston interprets this statute's "plain language" to limit exemptions to "the proceeds of any judgment" and not to "settlement" which is not a term used in the statute. In his order sustaining the objection, Judge Houston concluded that permitting the exemption sought would represent an impermissible judicial broadening of the statute. Judge Houston also relied on the opinion of Judge Edward Gaines, who reached a consistent decision in In re: Tony Orlando Brock, No. 98-51954 HEG (Bankr. S.D. Miss. Nov. 30, 2000)(order sustaining trustee's objection to debtor's claim of exemption). Judge Houston's order receives further support from the Fifth Circuit's recent holding in In re: Blondena Allen Waller, 2005 WL 192365356 (5th Cir., August 11, 2005), in which the Fifth Circuit reached a similar conclusion.[2]

The Court concludes that Judge Houston's reasoning in sustaining the Trustee's objections is correct. Accordingly, the appellant's appeal is DISMISSED.

This is the 21st day of September, 2005.

                                              **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2]The Court notes that In re: Waller is an unpublished opinion and should not be considered precedent. However, the Court finds its reasoning persuasive in the case at bar.